UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| Kansas Electric Power Cooperative, Inc. | ) |
| | ) |
| Petitioner | ) |
| | ) |
| v. | ) Case No. 25-1129 |
| | ) |
| Federal Energy Regulatory Commission, | ) |
| | ) |
| Respondent. | ) |

**MOTION OF KPP ENERGY FOR LEAVE TO INTERVENE**

Pursuant to Federal Rules of Appellate Procedure 15(d) and 27 and Circuit Rules 15(b) and 27, KPP Energy (KPP), formerly known as the Kansas Power Pool, hereby moves to intervene in the above-captioned proceeding in support of Petitioner, Kansas Electric Power Cooperative, Inc. and in any "later filed cases" that "involv[e] the same agency action[s] or order[s]." Cir. R. 15(b).

**I. INTRODUCTION**

KPP Energy (KPP) is a municipal energy agency formed in 2005 under K.S.A. 12-855, et seq. KPP is a non-profit quasi-municipal organization with 24 Kansas municipal electric utility members. KPP provides generation capacity and energy and transmission services to its members under long-term full requirements wholesale purchase power contracts. These 24 Kansas municipal electric utilities

1

serve over 37,000 retail customers and have a 2023 peak load of approximately 219 MW. KPP is a member, transmission owner, transmission customer, and market participant in SPP and has load in SPP that pay the rates determined by Evergy via its transmission formula rates, which are impacted by the determination of the Federal Energy Regulatory Commission (FERC) through its order that is the subject of this appeal.

On September 25, 2024, pursuant to Federal Power Act section 205, 16 U.S.C. § 824d, Evergy Kansas Central, Inc., Evergy Kansas South, Inc., and Evergy Metro, Inc. (collectively, Evergy), as well as Southwest Power Pool, Inc. (SPP) on behalf of Evergy, filed a request to update the depreciation rates in Evergy's transmission formula rates. In that filing, Evergy requested that FERC accept its proposed changes effective December 1, 2024, and that FERC allow it to reflect the new depreciation rates for the entire 2024 calendar year in its 2024 annual true-up of its transmission revenue requirement and rates. KEPCo and KPP, along with other transmission customers of Evergy, protested the filing, arguing that Evergy cannot apply new depreciation rates to the entire 2024 calendar year without running afoul of the filed-rate doctrine and the rule against retroactive ratemaking.

On November 29, 2024, FERC issued an Initial Order accepting Evergy's revised depreciation rates, effective December 1, 2024, and suspending the rates for a nominal period, subject to refund and settlement judge procedures. In that order,

2

FERC allowed Evergy to apply its revised depreciation rates for the full 2024 calendar year in its true-up of 2024 transmission rates. Initial Order at P 44. On December 23, 2024, KPP participated with KEPCo in a timely filed request for rehearing of the Initial Order pursuant to Federal Power Act section 313, 16 U.S.C. § 825*l*. FERC affirmed the ruling in its Initial Order in the Rehearing Order. Rehearing Order at PP 15-18.

On May 19, 2025, KEPCo filed a timely petition seeking this Court's review of the Initial Order and Rehearing Order, asserting it is aggrieved by FERC's decisions in the Initial Order and the Rehearing Order because they permit Evergy to apply revised depreciation rates retroactively for the entire 2024 calendar year, in violation of the filed-rate doctrine and the rule against retroactive ratemaking, resulting in unjust and unreasonable charges to KEPCo.

KPP participated fully in the FERC proceeding that resulted in the orders which are the subject of this proceeding and moves to intervene as a matter of right or permissively.

## II. LEGAL STANDARD FOR INTERVENTION

Federal Rule of Appellate Procedure 15(d) authorizes intervention in cases reviewing agency action, providing that the intervention motion "must be filed within 30 days after the petition for review is filed" and must "contain a concise statement of the interest of the moving party and the grounds for intervention." Fed.

3

R. App. P. 15(d); Cir. R. 15(b) (providing that intervention applies to all cases challenging the same agency order or action); *see* Fed. R. App. P. 27; Cir. R. 27. This Court looks to the standards in Federal Rule of Civil Procedure 24 when considering whether to grant intervention under Rule 15(d). *See, e.g.*, *Bldg. & Const. Trades Dep't, AFL-CIO v. Reich*, 40 F.3d 1275, 1282 (D.C. Cir. 1994).

Federal Rule of Civil Procedure 24, as relevant here, governs both intervention as of right, Fed. R. Civ. P. 24(a)(2), and permissive intervention, Fed. R. Civ. P. 24(b)(1)(B). Intervention as a matter of right under Rule 24(a)(2) requires four elements: (1) "timely" application from the movant; (2) the movant has "an interest relating to the property or transaction which is the subject of the action"; (3) "disposition of the action may, as a practical matter, impair or impede the party's ability to protect that interest"; and (4) "the party's interest must not be adequately represented by existing parties to the action." *Reich*, 40 F.3d at 1282; Fed. R. Civ. P. 24(a)(2). Further, this Court has also required intervenors to demonstrate Article III standing, *Reich*, 40 F.3d at 1282, although, as explained below, that additional requirement should not apply here. *See Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, 140 S. Ct. 2367, 2379 n.6 (2020). Permissive intervention requires only that the movant "timely" move to intervene and have "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

## III. Argument

*A. Intervention under Federal Rules of Appellate Procedure 15(d).*

This Court should grant KPP intervention as a matter of right under the Standards in Federal Rule of Appellate Procedure Rule 15(d). Under Rule 15(d) of the Federal Rules of Appellate Procedure, a party moving to intervene in a petition to review agency action must do so "within 30 days after the petition for review is filed," and its motion "must contain a concise statement of [its] interest . . . and the grounds for intervention." The "interest" test is not unduly restrictive but rather "is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967). KPP has met this requirement through this motion. This Court also looks to Federal Rules of Civil Procedure Rule 24, and KPP meets the requirements for intervention under that rule as set forth below.

*B. Intervention under Federal Rule of Civil Procedure Rule 24*

This Court should grant KPP intervention as a matter of right under Federal Rule of Civil Procedure 24, as KPP satisfies all four required elements of Rule 24(a)(2). With respect to the Rule 24(a)(2) requirements, KPP provides the following:

(1) KPP's motion to intervene is timely as it has been filed within the 30-day deadline set by Federal Rule of Appellate Procedure 15(d).

(2) KPP has a direct and substantial legal interest in the subject matter of this proceeding, as the rates it pays for transmission service in SPP will be impacted by the outcome of this proceeding. Approval by FERC of the retroactive application of Evergy's revised depreciation rates negatively impacts KPP as it increases the rates KPP pays for transmission service that it has already used. KPP's financial interest is "obvious" for purposes of intervention as of right, *Foster*, 655 F.2d at 1324, as this Court has repeatedly recognized, *e.g.*, *Fund For Animals, Inc. v. Norton*, 322 F.3d 728, 735 (D.C. Cir. 2003); *Military Toxics Project v. EPA*, 146 F.3d 948, 953–54 (D.C. Cir. 1998). That is especially so under this Court's "practical guide" to the interest test, as KPP is plainly an "apparently concerned person[ ]" in the appeal in this proceeding. *Foster*, 655 F.2d at 1324 (citation omitted);

(3) KPP satisfies the requirement that it must show that the "disposition of the action may, as a practical matter, impair or impede" the movant's "interest," *Reich*, 40 F.3d at 1282, and this Court looks to the "practical consequences of denying intervention" when considering this element as well, *Fund For Animals*, 322 F.3d at 735 (citations omitted). KPP satisfies this element, as the Petition seeks a reversal by this Court of the Commission's approval of retroactive implementation of different depreciation rates in Evergy's transmission and generation formula rates. If FERC's orders are upheld, KPP will be negatively impacted by the decision in an increased rate for past transmission service.

6

(4) Intervention as of right requires that no "existing parties to the action" will "adequately represent[ ]" the movant's interests. *Reich*, 40 F.3d at 1282. This element's burden is "minimal" and "not onerous," as a movant need only "show[ ] that the representation of his interest 'may be' inadequate." *Fund For Animals*, 322 F.3d at 735 (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)) (citations omitted). While KEPCo and KPP are similarly impacted parties, KEPCo may not be able to fully represent KPP's specific interests.

Permissive intervention pursuant to Federal Rule of Civil Procedure 24 (b)(1)(B) requires only two elements: a "timely" motion from the movant and the movant possessing "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B); *EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998)  After a movant satisfies these two elements, the Court "must consider whether the intervention will unduly delay or prejudice" the original parties, Fed. R. Civ. P. 24(b)(3), and may consider other appropriate factors, *Nat'l Children's Ctr.*, 146 F.3d at 1048. KPP has filed its motion to intervene timely and shares its claim with the main action in this case, the negative impact of FERC's orders that are the subject of this proceeding in the form of retroactively applied rates that KPP will be charged for transmission service. Further, granting permissive intervention would not "unduly delay or prejudice" either Petitioner or the Commission. Fed. R. Civ. P. 24(b)(3). KPP's intervention

7

request is timely, it has participated in the FERC proceedings resulting in the orders which are the subject of this proceeding, and any and all parties to this case should be clear on KPP's positions on the issues involved in this case based upon KPP's participation in the FERC proceedings.

*C. Article III Standing Requirement*

With respect to Article III standing, this Court has at times required would-be intervenors to establish their own Article III standing. *Deutsche Bank Nat'l Trust Co. v. FDIC*, 717 F.3d 189,193 (D.C. Cir. 2013). But the Supreme Court has clarified that intervenors need only do so when they seek relief "broader than or different from" the relief sought by "the party invoking a court's jurisdiction." *Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania,* 140 S. Ct. 2367, 2379, n.6 (2020). Just to be clear, KPP is seeking the same relief as Petitioner KEPCo, a determination by the Court that FERC's orders permit Evergy to apply revised depreciation rates retroactively for the entire 2024 calendar year, in violation of the filed-rate doctrine and the rule against retroactive ratemaking, resulting in unjust and unreasonable charges to Petitioner KEPCo and KPP.

**III. CONCLUSION**

This Court should grant KPP's motion for intervention as a matter of right, or alternatively, this Court should grant KPP permissive intervention.

       Respectfully submitted,

       */s/ Heather H. Starnes*
       Heather H. Starnes
       (Cir. Bar No. 63943)
       Healy Law Offices, LLC
       12 Perdido Circle
       Little Rock, AR 72211
       Telephone: (501) 712-2920
       Email: heather@healylawoffices.com

       *Counsel for KPP Energy*

Dated at Little Rock, Arkansas.
this 18th day of June, 2025.

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| Kansas Electric Power Cooperative, Inc. | ) |
| | ) |
| Petitioner | ) |
| | ) |
| v. | ) Case No. 25-1129 |
| | ) |
| Federal Energy Regulatory Commission, | ) |
| | ) |
| Respondent. | ) |

**CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES**

Pursuant to Circuit Rules 27(a)(4) and 28(a)(1)(A), KPP Energy (KPP), formerly known as Kansas Power Pool, certifies as follows:

**A.   Parties And Amici**

Petitioner in Case No. 25-1129 is Kansas Electric Power Cooperative, Inc.

Respondent is the Federal Energy Regulatory Commission, a federal agency within the U.S. Department of Energy. *See* 42 U.S.C. §§ 7134, 7171.

As of the time of this filing, there are no intervenors or interventions pending.

### B. Ruling Under Review

Petitioner attached the Commission's Initial Order and Rehearing Order under review as exhibits to its Petition for Review. *See* No. 25-1129, Dkt. #2116536 (Exhibits A and B). Those Orders are as follows:

- *Evergy Kansas Central, Inc., et al.*, Order Accepting and Suspending Depreciation Rates, Subject to Condition, Instituting Section 206 Proceeding, and Establishing a Refund Effective Date and Hearing and Settlement Judge Procedures, Docket Nos. ER24-3107-000, ER24-3108-000, ER24-3114-000, and ER24-3115-000, 189 FERC ¶61,153 (Nov. 29, 2024) ("Initial Order"); and

- *Evergy Kansas Central, Inc., et al.*, Order Addressing Arguments Raised on Rehearing and Setting Aside Prior Order, Docket Nos. ER24-3107-002, ER24-3108-001, ER24-3114-001, and ER24-3115-001, 190 FERC ¶ 61,159 (Mar. 20, 2025) ("Rehearing Order").

### C. Related Cases

This case was not previously before this Court or any other court. Counsel is not aware of any related case currently pending in this Court or any other court that involves the same underlying Orders.

Dated: June 18, 2025

        */s/ Heather H. Starnes*
        Heather H. Starnes
        (Cir. Bar No. 63943)
        Healy Law Offices, LLC
        12 Perdido Circle
        Little Rock, AR 72211
        Telephone: (501) 712-2920
        Email: heather@healylawoffices.com

        *Counsel for KPP Energy*

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| Kansas Electric Power Cooperative, Inc. | ) |
| | ) |
| Petitioner | ) |
| | ) |
| v. | ) Case No. 25-1129 |
| | ) |
| Federal Energy Regulatory Commission, | ) |
| | ) |
| Respondent. | ) |

**RULE 26.1 DISCLOSURE STATEMENT**

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and Rule 26.1 of the Rules of this Court, movant KPP requests leave to intervene in Case No. 25-1129 in support of Petitioner Kansas Electric Power Cooperative, Inc., and states as follows:

Petitioner KPP Energy, formerly known as Kansas Power Pool (KPP) is a municipal energy agency formed in 2005 under K.S.A. 12-855, et seq. and a non-profit quasi-municipal organization with 24 Kansas municipal electric utility members. As such, KPP is not a "nongovernmental corporate entity" subject to the requirements of Rule 26.1 of the Federal Rules of Appellate Procedure and Circuit Rule 26.1.

Dated: June 18, 2025

       */s/ Heather H. Starnes*
       Heather H. Starnes
       (Cir. Bar No. 63943)
       Healy Law Offices, LLC
       12 Perdido Circle
       Little Rock, AR 72211
       Telephone: (501) 712-2920
       Email: heather@healylawoffices.com

       *Counsel for KPP Energy*

# **CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the foregoing Motion for Leave to Intervene complies with (a) the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A), excluding those parts exempted by Fed. R. App. P. 32(f), and containing a total of 1,835 words measured by Microsoft Word 2019's word count feature, and (b) the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared using Microsoft Word 2019 with Times New Roman 14-point type.

Respectfully submitted,

 */s/ Heather H. Starnes*
Heather H. Starnes
(Cir. Bar No. 63943)
Healy Law Offices, LLC
12 Perdido Circle
Little Rock, AR 72211
Telephone: (501) 712-2920
Email: heather@healylawoffices.com

*Counsel for KPP Energy*

Dated at Little Rock, Arkansas.
this 18th day of June, 2025.

## **CERTIFICATE OF SERVICE**

      Pursuant to Rules 25 of the Federal Rules of Appellate Procedure and Rule 25(f) of the Circuit Rules of this Court, I hereby certify that I have, this 18th day of June, 2025, served the foregoing by filing via the CM/ECF system.

Dated: June 18, 2025

                                              */s/ Heather H. Starnes*
                                              Heather H. Starnes

                                              *Counsel for KPP Energy*

Attachment A

e. Identify the basis of appellant's/petitioner's claim of standing. See D.C. Cir. Rule 15(c)(2):

KPP participated fully in the FERC proceedings whose orders are the subject of this proceeding and has filed its motion for intervention timely. KPP has a direct and substantial legal interest in the subject matter of this proceeding that cannot fully be represented by any other party, as the transmission rates KPP pays for transmission service in SPP will be impacted by the outcome of this proceeding. Approval by FERC of the retroactive application of Evergy's revised depreciation rates negatively impacts KPP as it retroactively increases the rates KPP pays for transmission service. KPP is seeking the same relief as Petitioner KEPCo, a determination by the Court that FERC's orders permitting Evergy to apply revised depreciation rates retroactively for the entire 2024 calendar year are in violation of the filed-rate doctrine and the rule against retroactive ratemaking, resulting in unjust and unreasonable charges to Petitioner KEPCo and KPP. KPP is seeking the same relief as KEPCo.

CERTIFICATE OF SERVICE

I hereby certify that I have on this 18th day of June, 2025, caused the foregoing docketing statement to be electronically served through the Court's CM/ECF system.

                                                */s/ Heather H. Starnes*
                                                Heather H. Starnes

Law Offices of:
  Healy Law Offices, LLC
  12 Perdido Circle
  Little Rock, AR 72211
  (501) 712-2920

# UNITED STATES COURT OF APPEALS
## DISTRICT OF COLUMBIA CIRCUIT

333 Constitution Avenue, NW
Washington, DC 20001-2866
Phone: 202-216-7000 | Facsimile: 202-219-8530

## DOCKETING STATEMENT
*Administrative Agency Review Proceedings (To be completed by appellant/petitioner)*

1. **CASE NO.** 25-1129    2. **DATE DOCKETED:** 05/19/2025
3. **CASE NAME** (lead parties only) Kansas Electric Power Cooperative, Inc. v. Federal Energy Regulatory Commission
4. **TYPE OF CASE:** [X] Review  [ ] Appeal  [ ] Enforcement  [ ] Complaint  [ ] Tax Court
5. **IS THIS CASE REQUIRED BY STATUTE TO BE EXPEDITED?** [ ] Yes  [X] No
   If YES, cite statute
6. **CASE INFORMATION:**
   a. Identify agency whose order is to be reviewed: Federal Energy Regulatory Commission
   b. Give agency docket or order number(s): ER24-3107, ER24-3108, ER24-3114, ER24-3115
   c. Give date(s) of order(s): November 29, 2024, Initial Order and March 20, 2025 Rehearing Order
   d. Has a request for rehearing or reconsideration been filed at the agency? [X] Yes [ ] No
      If so, when was it filled? 12/23/2024    By whom? Kansas Electric Power Cooperative, Inc.
      Has the agency acted? [X] Yes [ ] No    If so, when? 03/20/2025
   e. Identify the basis of appellant's/petitioner's claim of standing. See D.C. Cir. Rule 15(c)(2):
      See Attachment A.

   f. Are any other cases involving the same underlying agency order pending in this Court or any other?
      [ ] Yes  [X] No    If YES, identify case name(s), docket number(s), and court(s)

   g. Are any other caess, to counsel's knowledge, pending before the agency, this Court, another Circuit Court, or the Supreme Court which involve *substantially the same issues* as the instant case presents?
      [ ] Yes  [X] No    If YES, give case name(s) and number(s) of these cases and identify court/agency:

   h. Have the parties attempted to resolve the issues in this case through arbitration, mediation, or any other alternative for dispute resolution? [ ] Yes [X] No   If YES, provide program name and participation dates.

Signature  /s/ Heather H. Starnes    Date  June 18, 2025
Name of Party (Print)  KPP Energy
Name of Counsel for Appellant/Petitioner (Print)  Heather H. Starnes
Address  Healy Law Offices, LLC, 12 Perdido Circle, Little Rock, AR 72211
E-Mail  heather@healylawoffices.com    Phone ( 501 ) 712 - 2920    Fax ( 417 ) 864 -7018

**ATTACH A CERTIFICATE OF SERVICE**

USCA Form 41
August 2009 (REVISED)

# UNITED STATES COURT OF APPEALS
# DISTRICT OF COLUMBIA CIRCUIT

**Note:** If counsel for any other party believes that the information submitted is inaccurate or incomplete, counsel may so advise the Clerk within 7 calendar days by letter, with copies to all other parties, specifically referring to the challenged statement.  An original and three copies of such letter should be submitted.